J. ALEXANDER BROWNE, APPELLANT, v. EDWIN C. KING ET AL., RESPONDENTS.

Submitted July 15, 1917—Decided October 11, 1917.

On appeal from the Supreme Court, in which court the following *per curiam* was filed:

"Dr. Browne claims to be health officer of Paterson. Dr. Clay is in possession of the office. Previous litigation has been inconclusive as to the right to the office. The Supreme Court, on a *certiorari* by Dr. Clay, reviewed action of the civil service commission adverse to him and dismissed the writ upon the ground that Dr. Browne was entitled to the office. The Court of Errors and Appeals affirmed the judgment, but not on the merits; it held that *certiorari* to the

civil service commission was not the proper way to raise the question. We are now asked for a *mandamus* on the board of finance of Paterson to compel the payment of the salary to Dr. Browne. This would be proper if the title to the office were settled. The relator thinks it is settled, as far as this court is concerned, by our prior decision. But after the expression of the view of the Court of Errors and Appeals the opinion of this court ceased to be important except as an expression of the opinion of a learned judge. It was held that the court was without jurisdiction. What we are now asked to do is to determine the title to a public office in a proceeding by *mandamus* substantially against the city, to which the incumbent is not made a party. Obviously, that cannot be done. But even if Dr. Clay could properly be made a party to a *mandamus,* he could not be concluded. He is entitled to be heard before a jury on a *quo warranto.*

"*Leeds* v. *Atlantic City,* 52 *N. J. L.* 332, is relied on. But the point of that case was that the relator had never been out of office, and that the court had upon *certiorari* annulled the only thing which challenged the relator's right. If Dr. Browne had secured the setting aside of the proceedings appointing Dr. Clay, he would perhaps be in the position of Leeds. But, as the case stands, he is not entitled to the salary unless he is entitled to the office; the title to the office is necessarily in question and can only be determined on a *quo warranto.*

"Let the application be denied, with costs."

For the appellant, *Ward & McGinnis.*

For the respondents, *William I. Lewis.*

PER CURIAM.

By this appeal the appellant seeks to bring before this court the order of the Supreme Court discharging its rule to show cause why a writ of *mandamus* should not issue requiring the respondents to pay to the appellant the salary of the health officer of the city of Paterson.

Passing the question whether proceedings in *mandamus* should be reviewed by appeal or by writ of error, it is clear that such appeal, being in lieu of a writ of error, lies only in case the appellant would have been entitled to that writ prior to July 4th, 1912. *Pamph. L.* 1912, *p.* 377, § 25.

It is, however, settled that a writ of error does not lie to remove into this court the order by the Supreme Court discharging a rule to show cause why a *mandamus* should not issue excepting in cases decided in the Supreme Court upon the constitutionality of a statute. *Neptune Township* v. *Mannion,* 73 *N. J. L.* 816. The present case not being within this exception the appeal must be dismissed.